# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Joeanne Chisolm<br><br>Debtor. | C/A No. 14-04601<br>Chapter 13<br><br>**NOTICE OF MOTION/APPLICATION<br>AND OPPORTUNITY FOR HEARING** |

TAKE NOTICE that  Joeanne Chisolm   filed a MOTION FOR MORATORIUM OF PAYMENTS UNDER CHAPTER 13 PLAN.

TO THE FOLLOWING CREDITORS: All Creditors.

A copy of the motion and proposed order accompanies this notice.

TAKE FURTHER NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than twenty-one (21) days from service of motion and a copy simultaneously served on all parties in interest.

TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/ or objection is timely filed and served, in which case, the Court will conduct a hearing on  June 20, 2016 at 10:00 a.m., at the J. Bratton Davis United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina, 29201. No further notice of this hearing will be given.

Date: Tuesday, May 17, 2016.

     /s/ Eric S. Reed
Eric S. Reed
Reed Law Firm, P.A.
Attorney for Movant/Movant
D.C. ID # 7242
220 Stoneridge Drive, Ste 301
Columbia, SC 29210
(803)726-4888

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 14-04601 |
| Joeanne Chisolm | Chapter 13 |
| Debtor(s). | |

**MOTION FOR MORATORIUM UNDER CHAPTER 13 PLAN**

COMES NOW, Joeanne Chisolm ("Debtor"), by and through her undersigned counsel, files this Motion for Moratorium of Payments under Chapter 13 Plan ("Moratorium Motion"), which requests a moratorium of plan payments for a period of two months.

Debtor filed for Chapter 13 relief under the Bankruptcy Code on August 14, 2014. Debtor's Chapter 13 Plan ("Plan") was confirmed on November 18, 2014. Debtor's Plan requires for monthly payments of $410.00 for a period of 3 months, followed by monthly payments of $470.00 for a period of 16 months, followed by monthly payments of $265.00 for a period of 41 months. A Motion for Moratorium is judged as a motion to modify the confirmed Chapter 13 plan pursuant to 11 U.S.C. § 1329.[1] See In re Wilson, C/A No. 96-75601-W, slip op. at 2 (Bankr. D.S.C. May 20, 1997). The Court issued In re Wilson to provide the Chapter 13 Bar with guidance concerning the requirements of a Motion for Moratorium of Payments under a Chapter 13 Plan. In re Wilson, slip op. at 1. The party moving to modify a confirmed Chapter 13 plan has the burden of showing an unanticipated, substantial change in circumstances warrants modification of the plan. In re Wilson, slip op. at 4. Such a substantial change in circumstances may be a change in the debtor's financial condition after confirmation. In re Wilson, slip op. at 3-4 (quoting Arnold v. Weast (In re Arnold), 869 F.2d 240, 241 (4thCir. 1989). In order to satisfy the burden required for a motion to modify a confirmed Chapter 13 plan to defer payments for a

---

[1] Further references to the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, shall be by section number only.

period of time, a debtor must demonstrate a substantial change in circumstances and demonstrate that the plan satisfies § 1322(b), § 1322(c), § 1325(a), and § 1329(c). Id. at 4. In In re Wilson, the Court explained the following facts that a debtor must allege in order to meet this burden:

> the number of months for which the debtor proposes to defer payments to the trustee; a good faith reason why modification of the plan is necessary; an explanation as to why the needed deferral of payments does not render the plan unfeasible; an explanation as to how the debtor will be able to resume the payments to the trustee at the end of the period during which payments are deferred; a statement of the number of payments which have come due to the trustee under the plan as of the filing of the motion; and a statement of the total number of months the confirmed plan is to run and whether the granting of the modification will cause the plan to exceed the plan term limit set forth in § 1329(c).

In re Wilson, slip op. at 5.

Debtor proposes to defer her Plan payments for a period of two months. Debtor propose this plan modification in good faith as she has experienced a substantial change in financial circumstances subsequent to her Plan's confirmation. Debtor was in a car accident and she is struggling to get caught up on her bills. A deferral of the plan payments would allow Debtor to succeed in this plan and would not make it unfeasible.

Debtors' Plan, which includes the two month moratorium, will not exceed the plan term limit set forth in § 1329(c), as "the five year limitation period imposed by § 1329(c) does not commence on the date that the first payment is due but rather on the date that the first payment after confirmation is due." In re Stroud, C/A No. 07-04502-jw, slip op. at 2 (Bankr. D.S.C. March 5, 2008)(citations omitted). Three payments had come due prior to confirmation. Thus, tacking on two monthly payments to the end of Debtor's Plan will not result in the Plan exceeding the plan term limit of § 1329(c).

WHEREFORE, Debtor moves this Court for an Order granting Debtors' Moratorium Motion or for whatever relief the Court deems just and appropriate.

Respectfully submitted.

Reed Law Firm, P.A.

By: /s/ Eric S. Reed
Eric S. Reed
Federal I.D. No. 7242
220 Stoneridge Drive, Suite 301
Columbia, South Carolina 29210
(803) 726-4888
Attorney for the Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No.: 14-04601 |
| Joeanne Chisolm | Chapter 13 |
| Debtor(s). | |

      The undersigned hereby certifies that she properly served the foregoing Moratorium to all creditors on the attached mailing matrix by first class mail, postage prepaid.

May 17, 2016                                                      /s/ Tina Olszyk  
                                                                                        Tina Olszyk  
                                                                                         Legal Assistant  
                                                                                         Reed Law Firm, P.A.  
                                                                                         220 Stoneridge Drive, Suite 301  
                                                                                         Columbia, South Carolina 29210  
                                                                                         (803) 726-4888

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 14-04601-dd<br>District of South Carolina<br>Columbia<br>Tue May 17 11:54:58 EDT 2016 | ANDERSON BROTHERS BANK<br>PO BOX 310<br>MULLINS SC 29574-0310 | ATTORNEY GENERAL OF THE UNITED STATES<br>DEPT OF JUSTICE ROOM 5111<br>10TH AND CONSTITUTION AVENUE NW<br>Washington DC 20530-0001 |
| AUTO CREDIT OF COLUMBIA LLC<br>PO BOX 57545<br>JACKSONVILLE FL 32241-7545 | Aaron's SALO Lockbox<br>P.O. Box 102746<br>Atlanta, GA 30368-2746 | Afni<br>ATTENTION: BANKRUPTCY<br>1310 MARTIN LUTHER KING DR<br>BLOOMINGTON IL 61701-1465 |
| (p)TRITON MANAGEMENT GROUP<br>P O BOX 241525<br>MONTGOMERY AL 36124-1525 | Anderson Brothers Bank<br>2985 South Cashua Drive<br>Florence SC 29501-6326 | Ashro Lifestyle<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| BellSouth Telecommunications, Inc.<br>c/o AT&T Services Inc.<br>Karen A. Cavagnaro - Lead Paralegal<br>One AT&T Way, Room 3A 104<br>Bedminster, NJ 07921-2693 | Blue Shield<br>PO Box 272560<br>Chico CA 95927-2560 | Joeanne Chisolm<br>1204 Dicey Creek Rd<br>Camden, SC 29020-2522 |
| Cntry Door<br>ATTN:BANKRUPTCY<br>PO BOX 2830<br>MONROE WI 53566-8030 | Country Door<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | EquiCredit Corporation of America<br>c/o Select Portfolio Servicing, Inc.<br>3815 S. West Temple<br>Salt Lake City, UT 84115-4412 |
| FHA c/o<br>US Dept of Housing & Urban Development<br>451 7th Street, SW<br>Washington DC 20410-0002 | Ginnys/Swiss Colony Inc<br>ATTN: BANKRUPTCY<br>1112 7TH AVE<br>MONROE WI 53566-1364 | IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| KERSHAW COUNTY<br>515 WALNUT STREET<br>Camden SC 29020-3649 | KERSHAW COUNTY MEDICAL CENTER<br>PO BOX 7003<br>Camden SC 29021-7003 | Travis E. Menk<br>Brock & Scott, PLLC<br>5121 Parkway Plaza Blvd.<br>Charlotte, NC 28217-1965 |
| Eric S Reed<br>Reed Law Firm, PA<br>220 Stoneridge Dr., Suite 301<br>Columbia, SC 29210-8018 | SC DEPARTMENT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 | SC EMPLOYMENT SECURITY COMMISION<br>PO BOX 995<br>Columbia SC 29202-0995 |
| SENTINEL HEALTH PARTNERS<br>PO BOX 1259<br>Camden SC 29021-1259 | Select Portfolio Servicing<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 | Seventh Avenue<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Pamela Simmons-Beasley<br>1813 Laurel Street<br>Columbia, SC 29201-2626 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US ATTORNEYS OFFICE<br>JOHN DOUGLAS BARNETT ESQ<br>1441 MAIN STREET<br>STE 500<br>Columbia SC 29201-2897 |

```
US AUTO CREDIT                         US Department of Veterans Affairs    US Department of Veterans Affairs
P.O. Box 7570                          PO Box 530269                        PO Box 8079
Jacksonville FL 32238-0570             Atlanta GA 30353-0269                Philadelphia PA 19101-8079


USDA
PO BOX 66827
Saint Louis MO 63166-6827
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Always Money
1640 Springdale Drive
Suite C
Camden SC 29020
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)EquiCredit Corporation Of America    (u)Select Portfolio Servicing, Inc.    End of Label Matrix
                                                                               Mailable recipients    33
                                                                               Bypassed recipients     2
                                                                               Total                  35
```